DEPARTMENT OF INSURANCE, ET AL. *v.*
SCHOONOVER, ET AL.

[No. 28,235. Filed May 13, 1947. Rehearing Denied
June 18, 1947.]

*James A. Emmert,* Attorney General, *Cleon H. Foust,* Deputy Attorney General, *Baker & Daniels* and *John D. Cochran,* all of Indianapolis, for appellants.

*Dailey, Dailey & Lesh,* of Indianapolis, for appellees.

STARR, J.—The only question involved in this appeal is whether § 209(a) of Art. 1, Part 4 of the Indiana Insurance Law of 1935, § 39-4501(a), Burns' 1940 Replacement, is unconstitutional because it violates § 1 and § 23 of Art. 1 of the Constitution of the State of Indiana

and the 14th Amendment to the Constitution of the United States as claimed by the appellees or whether it violates any of said Constitutional provisions.

Article 1 of Part 4 of the Indiana Insurance Law of 1935 has to do with insurance agents other than life insurance agents and restricts the selling of fire and casualty insurance in Indiana to agents selling "on a commission basis only." Section 209 (a) which provides said restriction is in words and figures as follows, to wit:

> "Unless a different meaning appears from the context the word 'agent,' as used in this article, shall mean an individual, a copartnership, or a corporation authorized by its charter or by law to do an insurance agency business, resident in this state, and lawfully authorized in writing by an insurance company to transact business as its representative, on a commission basis only."

This action was brought on behalf of the plaintiffs and all others similarly situated. One of the plaintiffs was an agent of the company coming under Art. 1 of Part 4 and was employed not on a commission basis only but was paid a salary by his employer. The other plaintiff was an insurance company coming under the provisions of Art. 1 and employed agents on a salary basis. The facts set out in the consolidated complaints are sufficient to show that each plaintiff is directly and peculiarly affected by the statute complained of. The trial court found for the plaintiffs, and all others similarly situated and declared § 209 (a) invalid and enjoined the defendants other than the Indiana Association of Insurance Agents from limiting the issuance of licenses under Art. 1, Part 4 to agents authorized to transact business on a commission basis only and from making any distinctions for licensing purposes under

said article between agents employed on a commission basis and agents employed on a salary or other basis.

Appellants in their motion for a new trial have assigned as errors of law at the trial, the admission and exclusion of certain evidence bearing on the constitutionality of the involved statute. As a further ground for new trial they assign that the decision is not supported by sufficient evidence and as the sole reason therefor, argue that all the evidence conclusively shows that the statute is constitutional.

Whether or not extrinsic evidence can be considered on the question of the constitutionality of a statute is a question upon which the authorities are in hopeless disagreement. Aside from the case of *Weisenberger* v. *State* (1930), 202 Ind. 424, 175 N. E. 238, which was not exhaustively reasoned on this point, this court has steadfastly held to the general rule that in determining the constitutionality of a statute involving the exercise of police power the question is one of law, and extrinsic evidence will not be received on the constitutionality of such statute. The only extrinsic facts which will be considered are those of which the court will take judicial notice. This principal is illustrated in the case of *Pittsburg, etc., R. Co.* v. *City of Hartford City* (1907), 170 Ind. 674, 82 N. E. 787, 85 N. E. 362; there the appellant insisted that it was entitled to form issues of fact regarding the necessity of an ordinance which required it to keep and maintain electric lights at a street crossing in Hartford City and as to whether the exercise of this power was fair, honest and proper. In answer to this contention the court on page 683 and 685 made the following statements which we approve:

"Cases might be conceived of wherein a question of fact might be raised as a means of arresting a

legislative act, as for instance, an inquiry might be made whether a law regulating the charges of ,a public' service corporation amounted to a taking of property in the particular instance; but we regard it as a general rule that the determination by the legislative tribunal of open or debatable questions concerning what is expedient is not subject to review on questions of fact, provided the question is one within the competency of the legislative tribunal to determine."

And again on page 685:

"In reviewing the act of a legislative body, involving an exercise of the police power, all reasonable assumptions must be indulged in, its favor, and in determining upon its validity the court will treat the question as one of law, resort being had to extrinsic considerations only to the extent that the facts are, or may become, a matter of judicial knowledge."

We approve of the above quotations in regard to a question of fact being raised as a means of arresting a legislative act. All that means is the application of a statute to a particular situation. In such a case the statute might be found unconstitutional as applied to the particular situation though otherwise left in full force and effect; we have no such situation in the case before us. See also on the right to introduce evidence in a case of this kind *Hovey, Governor* v. *Foster* (1888), 118 Ind. 502, 21 N. E. 39; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7; *Pittsburgh, etc., R. Co.* v. *State* (1912); 178 Ind. 498, 99 N. E. 801; *Pittsburgh etc., R. Co.* v. *State* (1913), 180 Ind. 245, 102 N. E. 25; *Vandalia R. Co.* v. *Stillwell* (1914), 181 Ind. 267, 104 N. E. 289. For a comprehensive note on this subject see 82 L. Ed. 1244. This note specifically excludes public utility cases. See also 38 Harvard Law Review 6.

Since evidence was not properly received for the purpose of determining the constitutionality of the involved statute, we conclude that no question is raised by either of the above mentioned grounds in said motion for a new trial.

Appellees rely upon Art. 1, § 1, of our Constitution which guarantees to them the "unalienable" rights to "life, liberty and the pursuit of happiness." This ██ legislation must be sustained if at all as a proper exercise of police power for the promotion of peace, safety, health or public welfare otherwise it runs afoul of said Art. 1, § 1. Evidently the legislature intended it for the promotion of public welfare but the legislature is not the sole judge of what constitutes a proper exercise of police power.

In speaking of police power it has been well said in the case of *Weisenberger* v. *State, supra,* at page 429;

"While the State, in the exercise of this power, may subject persons and property to all kinds of restraints and burdens, even to an encroachment upon the natural rights of the citizens, yet where it manifestly appears that the action of the legislature is not supported by any reason and is purely arbitrary, thereby invading property rights of an individual, or unnecessarily and unreasonably restraining a lawful business or trade under the guise of police regulation, courts may look to the character and reasonableness of the limitation for the purpose of determining whether or not it reaches beyond the scope of necessary protection and prevention. In other words, 'they will pass upon the question whether such act has a substantial relation to the police power.' *People* v. *Weiner* (1915), 271 Ill. 74, 110 N. E. 870."

In the case of *State Board of Barber Examiners* v. *Cloud* (1942), 220 Ind. 552, 572-573, 44 N. E. (2d) 972 this court said:

"The individual's right to engage in a lawful business, to determine the price of his labor and to fix the hours when his place of business shall be kept open, except as they conflict with the police power, are personal privileges and liberties within the protection of the Indiana Bill of Rights."

It is universally agreed that the business of insurance is affected with a public interest, as we understand this term, and is subject to reasonable regulation by virtue of the police power. Why it is so affected with a public interest has been completely and throughly pointed out and explained in the case of *German Alliance Ins. Co.* v. *Lewis* (1914), 233 U. S. 389, 58 L. Ed. 1011, 34 S. Ct. 612. The Supreme Court of the United States has in its recent decisions discredited the notion that a business is "affected with a public interest" in the sense that our court has applied the term. See *Nebbia* v. *New York* (1934), 291 U. S. 502, 78 L. Ed. 940, 54 S. Ct. 505 and *Olsen* v. *Nebraska* (1941), 313 U. S. 236, 85 L. Ed. 1305, 61 S. Ct. 862. Regardless of these decisions we still hold to the notion that "the old phrase by its application to specific factual situations" has "acquired a meaning which" serves "measurably as a basis for new application." *State Board of Barber Examiners* v. *Cloud, supra.*

Whether an insurance agent is paid a salary or commission has nothing to do with the public welfare and has no substantial relation to the police power; that his business is affected with a public interest makes no difference. Appellants argue that an agent working on a commission basis gives better service to those who happen to be insured through him. It seems to us this contention is fanciful and cannot be established. To strike down the freedom to contract or manner of doing business on any such basis would be for a reason which

is not adequate for such a regulation. The rights guaranteed by Art. 1, § 1, are cherished rights and not to be surrendered lightly.

We have not found a decision of the Supreme Court of the United States where a similar state regulation has been upheld in the light of the 14th Amendment, but had there been such a decision this court would not be bound by the same when considering the involved statute as to whether it is in conflict with said Art. 1, § 1, of our Constitution although this section and the 14th Amendment are similar in meaning and application. Such a decision would only be persuasive. *Sperry & Hutchinson Co.* v. *State* (1919), 188 Ind. 173, 122 N. E. 584. The only cases that we have found which uphold a provision similar to the involved statute are *State, ex rel.* v. *Knott* (1938), 135 Fla. 206, 184 So. 752, and *State ex rel.* v. *Knott* (1938), 136 Fla. 552, 185 So. 927. We have not examined the Constitution of the State of Florida but whatever the same provides we decline to follow these cases.

Based on what we have heretofore stated in this opinion we hold that the said § 209 (a) of Art. 1, Part 4 of the Indiana Insurance Law of 1935 being (a) of § 39-4501, Burns' 1940 Replacement violates Art. 1, § 1, of the Constitution of the State of Indiana and is therefore invalid. It is not necessary that we determine whether the same is in violation of any other section of our Constitution or of the 14th Amendment to the Constitution of the United States.

Judgment Affirmed.

Emmert, J., not participating.

ON PETITION FOR REHEARING.

STARR, J.—Our original opinion in this case contains the following statement:

"Since evidence was not properly received for the purpose of determining the constitutionality of the involved statute, we conclude that no question is raised by either of the above mentioned grounds in said motion for a new trial."

By this statement it was not the intention of the court to give the impression that the parties litigant were precluded from bringing to the attention of the trial court facts to establish the existence of those matters of which the court will take judicial notice. Extrinsic facts may be brought to the attention of the trial court by counsel to assist it in determining the matters of which it will take judicial notice. See Wigmore on Evidence, (3rd ed.) Vol. IX § 2568a.

Petition for rehearing overruled.

NOTE.—Reported in 72 N. E. (2d) 747.