KIRTLEY *v.* STATE OF INDIANA

[No. 28,479. Filed March 29, 1949.]

176

Emmert, J., and Jasper, J., dissent without opinion.

*Sidney E. McClellan,* of Muncie, and *Charles J. Barnhill,* of Indianapolis; *McClellan & McClellan,* of Muncie, and *Slaymaker, Merrell, Locke & Reynolds,* of Indianapolis (of counsel), for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, for appellee.

GILKISON, J.—Appellant was charged in the Municipal Court of Marion County, Room 3, by an affidavit which omitting caption, signature, verification and approval, is as follows:

> "BE IT REMEMBERED, That on this day personally came the undersigned affiant who, being duly sworn, upon his oath says: that Otis F. Kirtley late of said County and State, on or about March 20, 1948, at and in the County and State aforesaid, did then and there unlawfully offer for sale and solicit persons to wit: C. R. Lawson and Kenneth Kimbrall; to purchase tickets of admission to a

game and contest to wit: State Final Games of the Indiana High School Basketball Association, at a price which was greater; to wit: $25; than the original price; to wit: $3; and which price was greater than the right of entry ticket which may be procured at the regularly authorized places of sale, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

This charge is based upon § 10-4913, Burns' 1942 Replacement as follows:

"It shall be unlawful for any person, firm or corporation to sell, offer for sale, conduct the business of selling or offering for sale, or solicit any person to purchase, any ticket of admission or any other evidence of the right of entry to any performance, exhibition, theater, concert hall, circus, common show, contest, game, race, fair, entertainment or other place of public amusement or recreation at any price or for any amount which is either less or greater than the price or amount at or for which such tickets of admission or other evidences of the right of entry may be procured at the regularly authorized places of sale. (Acts 1925, ch. 121, § 1, p. 299.)"

After trial in the Municipal Court, the cause was appealed to the Marion Criminal Court and assigned to Division Two. By a motion to quash and a motion in arrest of judgment, each timely filed in the courts below, appellant directly attacked the affidavit on the ground that the statute upon which it is based is unconstitutional. Both the motion to quash and the motion in arrest were overruled and by his appeal appellant presents the rulings directly to this court for review.

Art. 1, § 1, of the Constitution of Indiana, is as follows:

"WE DECLARE, That all men are created equal; that they are endowed by their CREATOR with

certain unalienable rights; that among these are life, liberty and the pursuit of happiness; that all power is inherent in the People; and that all free governments are, and of right ought to be, founded on their authority, and instituted for their peace, safety, and well-being. For the advancement of these ends, the People have, at all times an indefeasible right to alter and reform their government."

Art 1, § 21, of the Constitution of Indiana, so far as applicable to the question here presented is as follows:

"No man's particular services shall be demanded, without just compensation. No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

All legislative authority is vested in the General Assembly. Indiana Constitution, Art. 4, § 1. The right to legislate is limited only by the restrictions expressly or impliedly imposed by the state constitution, the restraints of the federal constitution and the laws and treaties passed and made pursuant thereto. *State ex rel. Harrison* v. *Menaugh et al.* (1898), 151 Ind. 260, 266, 51 N. E. 117, 51 N. E. 357; *Townsend* v. *State* (1897), 147 Ind. 624, 47 N. E. 19; *Weisenberger* v. *State* (1921), 202 Ind. 424, 175 N. E. 238.

This court will indulge all reasonable presumptions in favor of the attacked statute. *State ex rel. Harrison* v. *Menaugh, supra,* p. 266. *Townsend* v. *State, supra,* p. 627.

However, the personal liberty clause, Art. 1, § 1 of the Constitution of Indiana, or the right to pursue any proper vocation, is regarded as an unalienable right and a privilege not to be restricted except perhaps by a proper exercise of the police power of the state. *Weisenberger* v. *State, supra,* p. 428.

*People* v. *Weiner* (1915), 271 Ill. 74, 78 110 N. E. 870, L. R. A. 1916 C 775. *People* v. *Steele* (1907), 231 Ill. 340, 344 et seq., 83 N. E. 236, 14 L. R. A. (N. S.) 361, 121 Am. St. Rep. 321. *Ex parte Quarg* (1906), 149 Cal. 79. Liberty as used in the constitution not only means freedom from servitude and restraint, but embraces the right of every one to be free in the use of their powers in the pursuit of happiness in such calling as they may choose subject only to the restraints necessary to secure the common welfare. The privilege of contracting is both a liberty and a property right and is protected by the constitution of both the state and nation. *The People* v. *Steele, supra,* p. 346. *Weisenberger* v. *State, supra,* p. 428.

A question has frequently arisen as to whether extrinsic evidence may be considered in determining the constitutionality of a statute. See *Weisenberger* v. *State, supra. Department of Insurance* v. *Schoonover* (1947), 225 Ind. 186, 72 N. E. 2d 747, 748. The general rule is that the federal or state constitution provides the only standard for determining the validity of a statute. In the consideration of this case we are governed by the general rule, and shall consider only the statute upon which the charge is founded, and the sections of the state constitution with which it is claimed to be in conflict. *Weisenberger* v. *State, supra,* p. 428. *Department of Insurance* v. *Schoonover, supra.*

The state has broad powers in the matter of regulation, but the interests and right of the citizen are such that there is a limit even to this power. We think it safe to say the legislature has the same authority over the theater, games and amusement businesses that it has over any other lawful private business, and no more. See *People* v. *Steele, supra,* p. 344.

The limit to such legislation has been well stated thus: If the law prohibits that which is harmless in itself, or requires that to be done which does not tend to promote the health, comfort, morality, safety or welfare of society, it will be an unauthorized exercise of power, and upon proper presentation it is the duty of the courts to declare such a law void. *The People* v. *Steele, supra,* p. 345. *Weisenberger* v. *State, supra,* p. 429. *People* v. *Weiner, supra,* p. 78. *Liggett Co.* v. *Baldrige,* 278 U. S. 105; 73 L. Ed. 204.

If the statute in question is upheld it must be on the theory that it is a valid exercise of police power, for the protection of the public health, morals, safety, or welfare. Under our holdings, that legislation is on a subject "affected with a public interest" means only that in such instances the state may enact regulatory legislation to protect the public health, morals, safety or welfare in the exercise of its police power. *State Board of Barber Examiners* v. *Cloud* (1942), 220 Ind. 552, 567, 44 N. E. 2d 972. *Department of Insurance et al.* v. *Schoonover et al., supra.*

It will be noted that the questioned statute does not seek to regulate the resale of tickets to entertainments, but rather to prevent such resale by removing the element of profit or loss therefrom.

So far as we can find it has always been held by our courts that the methods or means used to protect the public health, morals, safety or welfare, must have some relation to the end in view, "for, under the mere guise of the police power, personal rights and those pertaining to private property will not be permitted to be arbitrarily invaded by the legislative department." *Blue* v. *Beach et al.* (1900), 155 Ind. 121, 131, 56 N. E. 89. If a legislative enact-

ment interferes with the personal rights of an individual, destroys or impairs his liberty or property, it becomes the duty of the courts to review such legislation, to determine whether it really relates to and is appropriate to secure the object in view. The court will then look to the substance of the matter involved. *Blue* v. *Beach, supra,* p. 131. *State Board of Barber Examiners* v. *Cloud, supra,* p. 562. The statute in question interferes with the liberties, the personal and property rights of the ticket owner and has no relation whatever to the protection of the public health, morals, safety or welfare. It cannot be justified as a proper exercise of police power. *Tyson & Bro.* v. *Banton,* (1926), 273 U. S. 418, 430, 71 L. Ed. 718, 722. *The People* v. *Steele, supra. Weisenberger* v. *State, supra. Department of Insurance* v. *Schoonover, supra. Ribnik* v. *McBride* (1927), 277 U. S. 350, 72 L. Ed. 913. It is, therefore, void. There are decisions in some states and some recent decisions of the United States Supreme Court apparently approving mere price fixing by legislatures and Congress. For a list of such states, cases and discussions, see *State Board of Barber Examiners* v. *Cloud, supra,* p. 565. See also *Olsen* v. *Nebraska* (1941), 313 U. S. 236, 244, 85 L. Ed. 1305, 1308. So far, Indiana courts have refused to follow the pattern and drift presented by these decisions. We continue to follow the general rule that our legislature in the exercise of the police power of the state may enact laws to protect the public health, morals, safety and welfare and for no other purpose, except possibly in emergencies. There is no contention by the state that the statute upon which the prosecution is based was enacted for the purpose of prohibiting something that is *mala in se* or that it is a lawful exercise of the police power of the state. On the contrary the state seems to rely

upon mere "price fixing" decisions as found in some states, and what has been termed a recent trend or "drift" of the United States Supreme Court, *Olsen* v. *Nebraska, supra,* p. 244, L. Ed. 1308, along the same lines. The statute involved is in conflict with Art. 1, §§ 1, and 21 of the Constitution of Indiana and is, therefore, void. *Tyson & Bro.* v. *Banton, supra; The People* v. *Steele, supra; Department of Insurance* v. *Schoonover, supra; Weisenberger* v. *State, supra; People* v. *Weiner, supra.* For this reason, the cause must be reversed. It is unnecessary to consider other assigned errors.

Judgment reversed with instructions to the court below to sustain the motion to quash the affidavit.

Emmert, J., and Jasper, J., dissent without opinion.

NOTE.—Reported in 84 N. E. 2d 712.