PIERCE, Judge.
Appellant City of Naples appeals to this Court from a final order entered by the Collier County Circuit Court declaring and adjudging Ordinances 1424 and 1429 of the City of Naples to be unconstitutional “for *838 the reason that they are discriminatory, arbitrary and capricious”.
The Ordinances in question are set out in the margin[1] and [2].
*839 Briefly, Ordinance No. 1424, enacted on November 6, 1968, provided for garbage and trash charges for owners of residences and commercial buildings not on the city real property tax rolls because such structures were substantially completed after January 1 of each year. Ordinance No. 1429, enacted on November 20, 1968, amended Ordinance No. 1424 and established garbage and trash rates “for all residences, commercial buildings and establishments which presently have water meters installed and which were issued certificates of occupancy after January 1, 1967, and for all buildings not placed on the City of Naples real property tax roll.” Owners of other city residences and commercial establishments paid their charges for trash and garbage through their ad valorem taxes paid by all established property owners.
Appellant Scatena, on February 25, 1969, filed his complaint as “a member of the class affected by this tax”, namely, that he was an existing ad valorem taxpayer of the City of Naples, being one of a class “in excess of 200 and too numerous to present before the court individually”. He alleged that the Ordinances were unconstitutional because discriminatory against a class of ad valorem taxpayers. He asked that the Ordinances be declared null, void and unconstitutional.
The City filed motion to dismiss which the Court granted on the ground of insufficient allegations to show that the suit “constitute [d] a class action”. Amended complaint was thereupon filed on April 30, 1969, making certain supporting additions as to class action. The City moved to dismiss the amended complaint, which the Court denied. The City thereupon answered and denied generally the allegations as to invalidity of the Ordinances. Scatena and the City then filed a factual stipulation in the case. The main agreed-upon provision of the stipulation was “[t]hat the service rendered to the Petitioners was the same service rendered to all ad valorem taxpayers in the City of Naples, Florida, but only the ad valorem taxpayers whose property was not on the tax roll as improved property as of January 1, 1968 or 1969 or properties exempt from ad valorem taxation were' charged for the services rendered.”
On November 19, 1969, the Court entered final judgment declaring the Ordinances in question “to be unconstitutional for the reason that they are discriminatory, arbitrary and capricious”. The City has appealed said final order to this Court and the sole question here is the constitutional validity of the Ordinances.
We perceive no constitutional infirmity. The law is well established in this State that classification of properties for taxation purposes is permissible so long as such classifications are not arbitrary, unreasonable, and unjustly discriminating, and apply similarly to all under like conditions. *840 And the test as to the validity of classifications for purposes of legislation is good faith, not wisdom. Hayes v. Walker, 1907, 54 Fla. 163, 44 So. 747. See also Gray v. Central Florida Lumber Co., 1932, 104 Fla. 446, 140 So. 320, cert. den. 287 U.S. 634, 53 S.Ct. 84, 77 L.Ed. 549; State ex rel. Maxwell Hunter, Inc. v. O’Quinn, 1934, 114 Fla. 222, 154 So. 166; Randolph v. Simpson, C.C.A. 5, Fla.1969, 410 F.2d 1067; Just Valuation & Taxation League, Inc. v. Simpson, Fla.1968, 209 So.2d 229; State ex rel. Vars v. Knott, 1938, 135 Fla. 206, 184 So. 752.
The alleged discrimination here was the fact that the City passed Ordinances requiring garbage and trash charges to be paid by owners of residences and commercial buildings which had not been substantially completed by January 1st of the year and thence were not on the ad valorem real property tax rolls of the City as improved property. It was shown that other established city residences and commercial buildings were paying taxes on such improved property by virtue of already being on the ad valorem tax roll. The City contends that Naples is in a fast growing community where many new residences and commercial buildings were being completed after January 1, but because of complexities of State taxing laws did not reach the real property roll until a year or more later. It was to derive revenue for this interval that prompted enactment of the Ordinances. The same adequate garbage and trash service was provided to all citizens, including new residents and occupants of new commercial buildings, and the charges contained in the challenged ordinances was a valid charge for such proprietary service.
We find the Ordinances to be not constitutionally objectionable and therefore the final judgment appealed from is reversed with directions to dismiss the complaint.
HOBSON, C. J., and LILES, J., concur.

.
ORDINANCE NO. 1424
An Ordinance of the City of Naples, Florida, Establishing Rates for Pickup of Garbage and Trash for Residences, Commercial Buildings and Establishments, Which are Issued Certificates of Occupancy, After January 1st of Each Year.
WHEREAS, new residences and commercial buildings which are not completed, or substantially completed, as of January 1st of each year are not included as part of the realty on which they are situated, and
WHEREAS, the City of Naples must nevertheless provide garbage and trash pickup service to these new residences, commercial buildings and establishments;
NOW, THEREFORE, be it ordained by the Council of the City of Naples, Florida:
SECTION 1. That the owner of any residence or commercial building completed, or substantially completed, after January 1st of each year, but which residence or building is exempt from the real property tax structure of the City tax assessment roll, shall pay the following charge(s) for garbage and trash pickup when a water meter is installed and put into operation in such new residence or commercial building and a certificate of occupancy is issued by the City Building Department. All residences and buildings not placed on the,City of Naples real property tax roll, or which are on the tax rolls but are otherwise exempt from taxation, shall be subject to this charge, including hospitals, nursing homes, churches and any other buildings. The City Manager is hereby empowered to discontinue water service to the owner of any residence, commercial building or establishment who fails to pay the following monthly service charge (s) for garbage and trash pickup:
RESIDENCES .$2.40 per month
NON-CONTAINERIZED BUSINESSES ... 4.80 per month
NON-CONTAINERIZED APARTMENTS .. 1.35 per month per unit
CONTAINERIZED BUSINESSES, APARTMENTS AND OTHER ESTABLISHMENTS:
Eight-yard container.16.00 per month rent plus 3.60 per pickup
Six-yard container.14.00 per month rent plus 3.00 per pickup
Four-yard container .12.00 per month rent plus 2.30 per pickup
Three-yard container .10.00 per month rent plus 1.95 per pickup
Two-yard container. 8.00 per month rent plus 1.50 per pickup
SECTION 2. These rates shall take effect immediately for all residences, commercial buildings and establishments which presently have water meters installed and which were issued certificates of occupancy after January 1, 1968, and for all buildings not pláced on the City of Naples real property tax roll. This service charge will be billed with the monthly water bill until such time as the residence or commercial building is included as part of the realty and no longer exempt from the City of Naples real property tax roll.

ORDINANCE NO. 1429
An Ordinance of the City of Naples, Florida, Amending Ordinance No. 1424:
NOW, THEREFORE, be it ordained by the Council of the City of Naples, Florida:
SECTION 1. That the last sentence in Section 1 of Ordinance No. 1424 is hereby amended to read as follows:
“The City Manager shall discontinue water service to the owner of any residence, commercial building or establishment who fails to *839 pay the following monthly service charge(s) for garbage and trash pickup
SECTION 2. That Section 2 of Ordinance No. 1424 is hereby amended to read as follows:
“These rates shall take effect immediately for all residences, commercial buildings and establishments which presently have water meters installed and which were issued certificates of occupancy after January. 1, 1967, and for all buildings not placed on the City of Naples real property tax roll. This service charge will be billed with the monthly water bill until such time as the residence or commercial building is included as part of the realty and no longer exempt from the City of Naples real property tax roll and the owner of the residence or building makes full payment of the property tax for such new building or residence. This charge shall take effect when the owner receives the required occupancy permit and continues until the owner pays the improved property tax.