## TAYLOR v STATE OF FLORIDA

### Case No. 87-16-AP

Fourth Judicial Circuit, Duval County

August 31, 1988

### APPEARANCES OF COUNSEL

**L. Howard Freeman, Jr.,** for appellant.

**Laura K. Havey,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

JOHN S. COX, Circuit Judge.

This is an appeal from a Final Judgment withholding adjudication of guilty and assessing costs of $150.00 against the Appellant. That judgment was entered on March 9, 1987. The Information charged Appellant with "Resale of Tickets" (commonly referred to as ticket scalping), contrary to the provisions of Section 817.36(1), Florida Statutes.

Appellant challenged the constitutionality of that statute in the lower court via a motion to dismiss, which was denied. The trial judge also

denied the Appellant's motion for a stay of trial under the constitutional question could be decided by an appellate court and granted Appellant's motion for a trial by jury. At this point, and pursuant to negotiations with the State, Appellant withdrew his previously entered plea of Not Guilty, and offered to plead Nolo Contendere in return for the State's recommendation to the trial judge that adjudication of guilt be withheld and that the Appellant be fined $150.00. After questioning Appellant as to the voluntariness of the plea, the plea was accepted by the trial court on January 5, 1987 and sentencing hearing was set for February 9, 1987. Apparently, the sentencing hearing was later re-set for March 9, 1987, at which time the Judgment here appealed from was entered.

Three grounds are relied upon by the Appellant in his contention that Section 817.36, Florida Statutes, is unconstitutional and that the judgment thereunder should be reversed. These grounds are:

1. That the statute violates the Fifth and Fourteenth Amendments to the United States Constitution in that it denies to the Appellant due process of law; and

2. That the statute is unconstitutional because it constitutes a restraint of trade against private citizens and in that it constitutes the exercise of an unfair trade practice by the State of Florida by permitting the State to fix prices and to operate a monopoly; and

3. That the statute is unconstitutional in that it constitutes an improper exercise of the State's policy power because the statute is an unlawful and unwarranted interference with the rights of private citizens to make a lawful livelihood in the conduct of a lawful private business not affected with a public interest.

On the first point (denial of due process), the statute under attack only prevents the resale of tickets for more than $1.00 over their stated price. Thus, the Appellant's property is not being taken without due process of law since he is allowed to sell his ticket if he wishes, but cannot sell it for more than $1.00 over its face value. The legislative intent in enacting the statute limiting the resale value was to provide the general public with a greater number of available tickets at a reasonable price and to discourage "ticket scalpers" from purchasing large blocks of tickets purely for resale and for unconscionably high profit. The statute is not discriminatory in that it treats all persons who resell tickets equally. In *Ferguson v Skrupa,* 372 U.S. 731 (1963), the United States Supreme Court refused to sit as a "super legislative body" to weight the *wisdom* of legislation and to go back to the days when courts used the Due Process Clause to strike down state laws

regulatory of business and industry conditions because such laws may be unwise, improvident, or out of harmony with a particular school of thought. For the same reasons, this humble Court refuses to strike down Section 817.36, Florida Statutes, or any part thereof on Due Process grounds.

On the second ground (unfair restraint of trade and exercise of an unfair trade practice by permitting the State of Florida to fix prices and operate a monopoly), the State of Florida by the statute under attack, which sets a *ceiling* on ticket prices at the state universities, is not fixing prices or operating a monopoly in restraint of fair trade. The Universities themselves, just like any other private business are setting the ticket prices. Where the legislature adopted this legislation placing a *ceiling* on ticket prices, it was trying to protect the market from manipulation. Anti-scalping legislation is designed to aid the market place and to protect the public by *preventing* unfair manipulation. See *Diamond, Ticket Scalping: A New Look at an Old Problem,* 37 U. Miami Law Rev. 71, 79.

Appellant relies upon *Tyson & Bros.-United Theatre Ticket Officers, Inc. v Banton,* 273 U.S. 418 (1927) to support his contention that the ticket scalping statute here under attack is unconstitutional. In that case, the Supreme Court struck down as unconstitutional a New York statute that prohibited the resale of theatre tickets for more than fifty cents. That decision was reached by the conclusion that the regulation of *private* theatre tickets was not affected with a public interest. In the case *sub judice,* we have a statute which places a ceiling upon the resale of tickets issued by state universities.

Although the *Tyson* case has never been directly overruled, the scope of that decision has been considerably whittled away. The majority of the courts in America have upheld anti-scalping statutes regardless of the *Tyson* decision, although a split of authorities does exist. Cases supporting the constitutionality of anti-scalping statutes include: *Gold v DiCarlo,* 235 F.Supp. 817 (S.D.N.Y. 1964), *affirmed* 380 U.S. 520 (1965); *State v Major,* 253 So.2d 724 (Ga. 1979); *People v Patton,* 309 N.E.2d 572 (Ill. 1974); and *State v Spann,* 623 S.W.2d 272 (Tenn. 1981). Cases still applying the *Tyson* decision include: *Estell v City of Birmingham,* 286 So.2d 866 (Ala. Cr. Ct. App. 1973), *aff'd* 286 So.2d 872 (Ala. 1973); *Kirtley v State,* 84 N.E.2d 712 (Ind. 1949). However, based on later Supreme Court and other appellate decisions, *Tyson* no longer appears to be the controlling case regarding anti-scalping legislation.

The United States Supreme Court in *Nebbia v People of State of*

*New York,* 291 U.S. 502 (1934) changes the former test set forth in *Tyson* regarding whether a governmental regulation violates the Fifth or Fourteenth Amendments. In *Nebbia* at 291 U.S., page 525 stated the test "that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be obtained." This Court finds that Section 817.36, Florida Statutes, meets that test and, thus, stands up to constitutional muster.

The Appellant's third point is that the statute is unconstitutional because it interferes with a private citizen's right to conduct a lawful business. This Court rules that the business of ticket scalping and gouging the public for an unconscionable profit can hardly be classified as a "lawful business." A state is free to adopt any economic program reasonably related to the public welfare. See *Nebbia, supra,* at page 537. The ceiling placed upon the price for which tickets may be resold, as contained in the statute under attack, is designed to prevent manipulation of the market place and victimization of the general public. This is reasonably related to the public welfare and is a legitimate state interest.

Accordingly, this Court rules that Section 817.36, Florida Statutes, is constitutional; that the learned trial judge was correct in so ruling; and that the Final Judgment here appealed from is hereby affirmed.

Dated and entered at Jacksonville, Duval County, Florida, this 31st day of August, 1988.