ATTORNEYS FOR APPELLANT
Suzy St. John
Marion County Public Defender

Ruth Johnson
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Joby D. Jerrells
Deputy Attorney General



In the
# Indiana Supreme Court

No. 49S04-1101-CR-24

BRENDA MOORE, *Appellant (Defendant below),*

v.

STATE OF INDIANA, *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49F10-0812-CM-276934
The Honorable Israel Cruz, Commissioner

On Transfer from the Indiana Court of Appeals, No. 49A04-1001-CR-46

**June 28, 2011**

**Dickson, Justice.**

Brenda Moore appeals her conviction of Public Intoxication, a class B misdemeanor. Her sentence was modest.[1] A divided Court of Appeals panel reversed. Moore v. State, 935 N.E.2d 301 (Ind. Ct. App. 2010). We granted transfer and now affirm the conviction.

Indiana Code § 7.1-5-1-3 states, "It is a Class B misdemeanor for a person to be in a *public place or a place of public resort* in a state of intoxication caused by the person's use of alcohol or a controlled substance (as defined in IC 35-48-1-9)" (emphasis added). Established precedent has long recognized that a person in a vehicle stopped along a highway is in a public

---

[1] The trial court sentenced her to 180 days but suspended 174 days and gave her credit for three days served before trial.

place for purposes of the public intoxication statute.  Miles v. State, 247 Ind. 423, 425, 216 N.E.2d 847, 849 (1966).

On appeal, the defendant notes the standard of review for a claim of insufficient evidence, but she presents no argument asserting this claim.  She concedes that she was intoxicated in a public place under Indiana law but seeks reversal of her conviction alleging (1) that it "violates the spirit of the public intoxication statute, and the policy behind its enactment," Appellant's Br. at 4, and (2) that punishing her for choosing to consume an alcoholic beverage violates her natural rights under the Indiana Constitution.

The circumstances that preceded her arrest are not in dispute.  The defendant had consumed two tall cans of beer at her sister's house on the evening of December 5, 2008.  A friend of the defendant's brother asked for a ride to visit a friend.  The defendant explained to him that she could not drive because she had been drinking but that he could drive her car if he had a license.  The brother's friend then drove the defendant's car with the defendant riding as a front seat passenger.  When an Indianapolis Metropolitan Police Officer pulled over the car because the license plate light was not working, the officer determined that the driver did not have a valid driver's license and that the defendant could not operate the vehicle because she was intoxicated.  The car was stopped on a public roadway, East 13th Street in Indianapolis.  The officer observed that the defendant had red, glassy, bloodshot eyes and slurred speech; she needed to lean against the car for balance; and she admitted that she had been drinking that night.  She admitted, "I couldn't walk.  So I couldn't have driven."  Tr. at 19.

### 1.  Conviction as Violating Public Policy

The defendant's principal argument is that her conviction "violates the spirit of the public intoxication statute, and the policy behind its enactment" because she caused no harm or annoyance and "adhered to the popular public service motto 'Don't drink and drive.'"  Appellant's Br. at 4.  She favors a policy that would "encourage persons who find themselves intoxicated to ride in a vehicle to a private place without fear of being prosecuted for a crime."  *Id.* at 5.

Whether conduct proscribed by a criminal law should be excused under certain circumstances on grounds of public policy is a matter for legislative evaluation and statutory revision if

appropriate. The judicial function is to apply the laws as enacted by the legislature. We decline the defendant's request to reverse her conviction on public policy grounds.

## 2. Conviction as Violating a Right to Consume Alcoholic Beverages

The defendant argues that her conviction is a result of her exercising her "freedom of choice over which beverages to consume, even those containing alcohol." *Id.* at 8. She cites language from an early Indiana case that stated, "the right of liberty and pursuing happiness secured by the [Indiana] constitution, embraces the right, in each . . . individual, of selecting what he will eat and drink, in short, his beverages, so far as he may be capable of producing them, or they may be within his reach, and that the legislature cannot take away that right by direct enactment." Herman v. State, 8 Ind. 545, 558 (1855).[2]

The defendant here, however, suffered no impingement of any alleged constitutional right to select which beverages to consume. She was subject to the public intoxication statute because of her conduct after consumption, not due to her beverage selection. The defendant's accountability under the public intoxication statute does not violate her personal liberty rights under the Indiana Constitution.

## Conclusion

Declining the defendant's invitations to constrain the application of the public intoxication statute on grounds of public policy and to find a violation of a constitutional right to consume alcohol, we affirm the judgment of the trial court.

Shepard, C.J., and Sullivan and David, JJ., concur. Rucker, J., dissents with separate opinion.

---

[2] The Court in Herman was applying the "pursuit of happiness" language from Article 1, Section 1 of the Indiana Constitution, which provides in relevant part: "WE DECLARE, That all people are created equal; that they are endowed by their CREATOR with certain inalienable rights; that among these are life, liberty, and the pursuit of happiness."

3

**RUCKER, J., dissenting.**

In affirming Moore's conviction for public intoxication the majority relies primarily on this Court's opinion in <u>Miles v. State</u>, 216 N.E.2d 847 (Ind. 1966). In that case we declared that a person parked alongside a highway was in a public place for purposes of the public intoxication statute. <u>Id.</u> at 849. I would revisit <u>Miles</u> and declare that it was wrongly decided. Predating <u>Miles</u> by several decades, this Court declared in <u>State v. Sevier</u>, 20 N.E. 245 (Ind. 1889) that "[t]he purpose of the [public intoxication statute] is to protect the public from the annoyance and deleterious effects which may and do occur because of the presence of persons who are in an intoxicated condition." <u>Id.</u> at 246-47. It is difficult to perceive how this purpose is advanced by declaring that the inside of a closed vehicle traveling along a highway is a public place. Writing for the Court of Appeals in <u>Jones v. State</u>, Judge Barnes points out:

> It also is difficult to perceive the public policy behind criminalizing riding in (as opposed to driving) a private vehicle in a state of intoxication. In fact, perhaps the better public policy would be to encourage persons who find themselves intoxicated to ride in a vehicle to a private place without fear of being prosecuted for a crime.

881 N.E.2d 1095, 1098 n.2 (Ind. Ct. App. 2008) (reversing conviction for public intoxication where defendant was sitting in a vehicle parked on private property). I agree. As this Court has declared "[g]iven the strong state and national interest of keeping persons who are intoxicated from operating motor vehicles, we think it sound policy to encourage sober drivers to get behind the wheel and not let their friends drive while drunk." <u>Smith v. Cincinnati Ins. Co.</u>, 790 N.E.2d 460, 462 (Ind. 2003). In this case Moore should not suffer a criminal penalty for taking the responsible action of allowing a sober friend to drive her car while she was too intoxicated to do so. I would reverse Moore's conviction. Therefore I respectfully dissent.