

**FILED**

Jan 31 2019, 7:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John L. Solomon,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 31, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2041<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Jose D. Salinas,<br>Judge<br><br>Trial Court Cause No.<br>49G14-1704-CM-13921 |

**Brown, Judge.**

[1] John Solomon appeals his conviction for possession of marijuana as a class B misdemeanor. Solomon raises one issue which we revise and restate as whether his conviction violates his right to liberty and pursuit of happiness under Article 1, Section 1, of the Indiana Constitution. We affirm.

*Facts and Procedural History*

[2] On April 15, 2017, Indianapolis Metropolitan Police Officer Mitchel Farnsley initiated a traffic stop of a silver Buick near 30th Street and Capitol Avenue in Marion County. There were five occupants in the vehicle, and Solomon was seated in a rear seat. Officer Farnsley discovered that the license plate on the vehicle was for a green Ford Explorer, called for backup, and Officer Haley arrived on the scene. The police observed one of the vehicle's occupants destroying a syringe, and they immediately had the occupants exit the vehicle. The police discovered numerous syringes and some aluminum foil, along with a "marijuana blunt, located directly smooshed between the seat and the back seat . . . where John Solomon's butt would have been sitting." Transcript Volume II at 11. Officer Farnsley read Solomon his *Miranda* rights. Solomon "stated that nothing in the car was his except for the marijuana blunt." *Id*. at 12. Solomon also told the police that he was in the vehicle because he was getting a ride to the liquor store.

[3] On April 16, 2017, the State charged Solomon with possession of marijuana as a class B misdemeanor. On August 1, 2018, the court held a bench trial at

which Solomon testified that he did not know there was a marijuana blunt beneath him, that the marijuana blunt did not belong to him, and that he told Officer Haley that it did not belong to him. The court found Solomon guilty of possession of marijuana as a class B misdemeanor and sentenced him to twenty days with fourteen days suspended.

## *Discussion*

[4] Solomon claims that criminalizing the mere possession of a single marijuana blunt by an adult who is not driving or otherwise impacting others violates Article 1, Section 1, of the Indiana Constitution and that his conviction should be vacated. He argues that Ind. Code § 35-48-4-11 may be constitutional in many circumstances and that the challenge here is not a facial one but as applied to the facts of this case.

[5] Ind. Code § 35-48-4-11 provides that a person who knowingly or intentionally possesses marijuana commits possession of marijuana as a class B misdemeanor.

[6] Article 1, Section 1, of the Indiana Constitution ("Section 1") provides:

> WE DECLARE, That all men are created equal; that they are endowed by their CREATOR with certain unalienable rights; that among these are life, liberty and the pursuit of happiness; that all power is inherent in the PEOPLE; and that all free governments are, and of right ought to be, founded on their authority, and instituted for their peace, safety, and well-being. For the advancement of these ends, the People have, at all times, an indefeasible right to alter and reform their government.

[7] "A challenge to the constitutionality of a statute is a 'pure question of law,' which we review *de novo*." *State v. Thakar*, 82 N.E.3d 257, 259 (Ind. 2017) (citation omitted). "Such review is highly restrained and very deferential, beginning with a presumption of constitutional validity, and therefore the party challenging the statute labors under a heavy burden to show that the statute is unconstitutional." *Conley v. State*, 972 N.E.2d 864, 877 (Ind. 2012) (citation and internal quotation marks and brackets omitted), *reh'g denied*. "All statutes are presumptively constitutional, and the court must resolve all reasonable doubts concerning a statute in favor of constitutionality." *Thakar*, 82 N.E.3d at 259 (citations and internal quotation marks and brackets omitted). "That being said, unlike the higher burden faced by those making a facial constitutional challenge, those challenging the statute as applied 'need only show the statute is unconstitutional on the facts of the particular case.'" *Id*. (citing *State v. Zerbe*, 50 N.E.3d 368, 369 (Ind. 2016)).

[8] Solomon asserts that the possession of a single blunt of marijuana by an adult who is not driving or otherwise impacting others falls well within the protections afforded by Section 1 and that marijuana brings happiness to some people, whether helping to alleviate a medical condition or for recreational purposes. He argues that thirty-two states have legalized the use of marijuana for medicinal and/or recreational use and that his possession of a small amount of marijuana as a passenger of a vehicle does not adversely affect anyone else. He argues that marijuana use was legal in 1851 when the Indiana Constitution was drafted and ratified, that George Washington reportedly cultivated

marijuana, and that in the mid-1800s marijuana was legal in the United States and used for medicinal purposes on a small scale. He also states that "[w]hen immigrants from Mexico and the West Indies began the practice of smoking marijuana around 1900, states began to criminalize the possession or sale of marijuana in statutes that 'stemmed largely from racism and concern that use would spread,'" Appellant's Brief at 10 (citing Scott W. Howe, *Constitutional Clause Aggregation and the Marijuana Crimes*, 75 WASH. & LEE L. REV. 779, 793 (2018)), and that the possession of marijuana appears to have been criminalized in Indiana in the 1930s.

[9] Solomon further argues that the Indiana Supreme Court, in *Herman v. State*, 8 Ind. 545 (1855), found the liquor act of 1855 unconstitutional under Section 1. Appellant's Brief at 8-9 (citing *Herman*, 8 Ind. at 558-564 ("[T]he right of liberty and pursuing happiness secured by the constitution, embraces the right, in each *compos mentis* individual, of selecting what he will eat and drink, in short, his beverages, so far as he may be capable of producing them, or they may be within his reach, and that the legislature cannot take away that right by direct enactment. If the constitution does not secure this right to the people, it secures nothing of value. . . . The happiness enjoyed in the exercise of general, reasonably regulated liberty by all, overbalances the evil of occasional individual excess.")). He also asserts: "Our supreme court has found several statutes to violate Section 1. *See Dep't of Fin. Insts. v. Holt*, 231 Ind. 293, 309, 108 N.E.2d 629, 637 (1952) (invalidating a statute limiting the amount that purchasers of retail installment contracts could agree to pay retail dealers);

*Kirtley v. State*, 227 Ind. 175, 179-180, 84 N.E.2d 712, 714 (1949) (striking down statute prohibiting 'scalping' of tickets to sports events); *Dep't of Ins. v. Schoonover*, 225 Ind. 187, 192-194, 72 N.E.2d 747, 749-150 (1947) (invalidating regulation requiring commissions to be paid on insurance sales); *State Bd. of Barber Exam'rs v. Cloud*, 220 Ind. 552, 572-573, 44 N.E.2d 972, 980 (1942) ('The individual's right to engage in a lawful business, to determine the price of his labor and to fix the hours when his place of business shall be kept open, except as they conflict with the police power, are personal privileges and liberties within the protection of [Article I, Sections 1 and 23 of] the Indiana Bill of Rights.'); *Street v. Varney Elec. Supply Co.*, 160 Ind. 338, 342, 66 N.E. 895, 896-897 (1903) (invalidating minimum wage legislation for public works projects)." *Id*. at 10-11 (footnote omitted).

[10] The State responds that Solomon's constitutional claim is waived because he did not raise it before the trial court and that, because Solomon did not provide the trial court with an opportunity to consider a challenge to the constitutionality of the marijuana possession statute or the State with the opportunity to offer evidence in support of the constitutionality of the statute, this Court should find his claim waived and decline to address it. Further, the State maintains that Article 1, Section 1, of the Indiana Constitution contains no judicially enforceable rights and that "[t]he Indiana Supreme Court has cast serious doubt that Article 1, Section 1 is a self-executing provision capable of judicial enforcement rather than an unenforceable expression of the general principles that animate our Constitution." Appellee's Brief at 11 (citing *Doe v.*

*O'Connor*, 790 N.E.2d 985, 989-991 (Ind. 2003)).[1] The State argues that Solomon does not cite a single case from the last sixty-five years that has found a statute unconstitutional based solely on Section 1 and that the cases he does cite from the early to mid-1900's do not consider the validity of criminal statutes but rather address the authority of the State or a political subdivision to regulate a lawful trade, profession, or business.

[11] The State asserts that, at one time, the Indiana Supreme Court found "a right to possess alcohol as a species of property right," *id*. at 14 (citing *Beebe v. State*, 6 Ind. 501 (1855); *Herman*, 8 Ind. 545),[2] but that "the Court ultimately rejected this right and effectively overruled *Beebe* (and by implication *Herman*). *See Schmitt v. F.W. Cook Brewing Co.*, 187 Ind. 623, 120 N.E. 19, 21 (1918) (upholding prohibitions on liquor sales and saying of *Beebe*, '[i]t cannot be determined . . . on what principle the court was acting')."[3] *Id*. The State argues

---

[1] In *Doe*, the Court stated that "[o]ther states also have construed constitutional provisions similar in wording to Art. I, § 1, of the Indiana Constitution not to provide a sole basis for challenging legislation since the language is not so complete as to provide courts with a standard that could be routinely and uniformly applied" and "[w]e need not decide whether Art. I, § 1, presents any justiciable issues here because Doe does not press a substantive claim." 790 N.E.2d at 991. This Court later stated in *Morrison v. Sadler*: "It might be presumed, however, that even if the language in *Doe* was dicta, it is a good indicator of the court's current thinking regarding Article 1, § 1 and that it is inclined to hold that particular constitutional provision not to be judicially enforceable." 821 N.E.2d 15, 31 (Ind. Ct. App. 2005).

[2] In *Beebe* and *Herman*, the Court found the liquor act of 1855 to be void. *See Herman*, 8 Ind. at 567; *Beebe*, 6 Ind. at 522.

[3] This Court has observed that the Indiana Supreme Court in *Beebe* found a right to possess alcohol and that "[t]his case and others following it were later overruled during the Prohibition Era." *Morrison*, 821 N.E.2d at 32 (citing *Schmitt*, 187 Ind. 623, 120 N.E. 19). In *Schmitt*, the Court stated "[t]he whole trend of the decisions in this state on the remonstrance laws, license laws, and the local option laws shows that no such thing ever entered the mind of this court from the time of the Beebe Case and the cases immediately following it to the present time," "[b]ut, on the contrary, this court has repeatedly said the subject of the control of intoxicating liquor is entirely within the power of the people through the Legislature to do anything that they deem necessary, not only to prohibit the sale, but in order to effectuate that purpose to even prohibit the

"[t]hat Section 1 has provided meaningful protection only for economic interests (and then only sporadically) is important because economic rights doctrine has been discredited," and that "Indiana's Section 1 economic rights cases are the product of an old model of judicial supremacy over public policy that was discredited long ago." *Id*. The State contends that "the United States Supreme Court's analogous economic rights era is most closely associated with *Lochner v. New York*, 198 U.S. 45 (1905), where the Court invalidated a New York State law that limited the hours employees in bakeries could work based on notions of the 'right of contract between the employer and employees,'" and that "[t]he entire *Lochner* era, of course, has long been discredited, disavowed and overruled by the United States Supreme Court." *Id*. at 14-15 (citing *Lincoln Fed. Labor Union v. Northwestern Iron & Metal Co.*, 335 U.S. 525 (1949)). It argues that, while the Indiana Supreme Court invalidated certain public works wage legislation and other price and hour regulations in the early- and mid-1900's, "this era of judicial activism and supremacy in the arena of public policy— economic or otherwise—is now over in Indiana. *See McIntosh v. Melroe Co.*, 729 N.E.2d 972, 975 (Ind. 2000) (describing *Lochner* and other property rights cases as 'now discredited')." *Id*. at 16.

---

manufacture of intoxicating liquor within the state," and "[t]he power of the states, under their Constitutions and under the federal Constitution, to prohibit the manufacture and sale of intoxicating liquor and to provide such means for the enforcement of prohibition as seems expedient to the Legislature, is now so well settled that it is no longer an open question." 187 Ind. 623, 120 N.E. at 22.

[12] The State further argues that, "[e]ven if Section 1 were to provide some level of judicially enforceable protection for some asserted 'natural rights,' there is no textual or historical basis for concluding that it protects any right to possess marijuana," that statutes are clothed with the presumption of constitutionality, that Solomon offered no evidence that marijuana brings him happiness, that Solomon's argument refers to items outside the record, and that, if this matter had been litigated in the trial court, the State would have been able to offer a number of studies which support the legislature's conclusion that marijuana should be illegal. *Id*. at 17. It argues that, while some states have legalized marijuana, the Food and Drug Administration and Drug Enforcement Administration have concluded that marijuana has no federally-approved medical use for treatment and remains a Schedule I controlled substance under federal law. *Id*. at 19 (citing United States Department of Justice, Drug Enforcement Administration, Drugs of Abuse, A DEA Resource Guide 75 (2017)). It also argues that, unlike in *Herman*, there is no evidence in the record that there was a large-scale marijuana industry in Indiana when its constitution was adopted and Solomon fails to cite a long-standing universal use of marijuana that the framers of the Indiana Constitution would have had in mind when adopting Section 1.

[13] In his reply brief, Solomon argues that this appeal is about the liberty that Section 1 promises adult Hoosiers. He argues Section 1 provides judicially enforceable rights and that the Indiana Supreme Court addressed a substantive Section 1 claim in 2011. Appellant's Reply Brief at 10 (citing *Moore v. State*, 949

N.E.2d 343, 345 (Ind. 2011)).[4] He contends that *Herman* remains sound precedent, that his liberty has plainly and deeply been affected by the statute, and that *Herman* did not suggest a violation of Section 1 required a long-standing widespread or large-scale operation.

[14] Solomon did not argue before the trial court that Ind. Code § 35-48-4-11 violates Article 1, Section 1 of the Indiana Constitution as applied to him. The parties did not present arguments or evidence regarding the extent to which Solomon's marijuana possession was protected by Section 1. Even if Solomon did not waive his claim and his claim is justiciable, we conclude that reversal is not warranted. While the Indiana Supreme Court may have found in *Herman* and *Beebe* that the liquor act of 1855 violated Section 1, we note that the Indiana Supreme Court subsequently held in *Schmitt* that the control of liquor was "entirely within the power of the people through the Legislature." 187 Ind. 623, 120 N.E. at 22. *See also Morrison*, 821 N.E.2d at 32 (observing that *Beebe* and "others following it were later overruled during the Prohibition Era"). Some states may have elected to permit the use of, and de-criminalize the possession of, marijuana under certain circumstances. Other states have not elected to do so. The Indiana legislature has not repealed Ind. Code § 35-48-4-

---

[4] In *Moore*, the defendant appealed her conviction of public intoxication as a class B misdemeanor. 949 N.E.2d at 344. On appeal, the defendant argued in part that her conviction was a result of her exercising her freedom of choice over which beverages to consume and cited *Herman*. *Id*. at 345. The Court held: "The defendant here, however, suffered no impingement of any alleged constitutional right to select which beverages to consume. She was subject to the public intoxication statute because of her conduct after consumption, not due to her beverage selection. The defendant's accountability under the public intoxication statute does not violate her personal liberty rights under the Indiana Constitution." *Id*.

11. The extent to which Solomon's possession of marijuana under these circumstances constituted a criminal offense is a legislative determination and not a judicial one. Solomon has not established that he had a constitutional right to possess marijuana or that Ind. Code § 35-48-4-11 violates Article 1, Section 1, of the Indiana Constitution as applied to him.

For the foregoing reasons, we affirm Solomon's conviction.

Affirmed.

Bailey, J., and Bradford, J., concur.