ATTORNEYS FOR PLAINTIFFS ANTHONY REALE AND
ROBERT WILKINSON
Robert I. Harwood
Samuel K. Rosen
New York, New York

Irwin B. Levin
Richard E. Shevitz
Arend J. Abel
Scott D. Gilchrist
Indianapolis, Indiana

ATTORNEYS FOR DEFENDANTS SPECIAL LITIGATION
COMMITTEE OF THE BOARD OF DIRECTORS OF ITT
CORPORATION
Peter J. Rusthoven
Matthew S. Winings
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE INDIANA LEGAL
FOUNDATION, INC.
Jon B. Laramore
Matthew T. Albaugh
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 94S00-0911-CQ-508

IN RE ITT DERIVATIVE LITIGATION,
SYLVIA B. PIVEN, ET AL.,

*Plaintiffs*,

v.

ITT CORPORATION, ET AL.,

*Defendants*.

Certified Question from the United States District Court,
Southern District of New York, No. 07-CV-2878 (CS)
The Honorable Cathy Seibel, Judge

**June 28, 2010**

**SHEPARD, Chief Justice.**

In 1986, the Indiana General Assembly adopted a new framework for business corporations. Broadly put, this case turns on whether that framework largely relies on business judgments by corporate directors in deciding whether a company should pursue certain claims it might have, or instead looks favorably to derivative suits initiated by individual stockholders. We conclude that the statute's text, its history, and our caselaw militate in favor of the former.

In particular, the U.S. District Court for the Southern District of New York has asked us about the standards to be applied under Indiana law for determining whether a shareholder can be excused from demanding that a corporate board act and whether a board deciding not to act stands in the way of the shareholder's suit. Pursuant to Indiana Appellate Rule 64, Judge Cathy Seibel has certified the following question:

> What standard should be applied in determining whether a director is "disinterested" within the meaning of Indiana Code § 23-1-32-4(d), and more specifically, is it the same standard as is used in determining whether a director is disinterested for purposes of excusing demand on the corporation's directors under Federal Rule of Civil Procedure 23.1 and Rales v. Blasband, 634 A.2d 927, 936 (Del. 1993)?

We have accepted this certified question and now hold that the Indiana Business Corporation Law employs the same standard for showing "lack of disinterestedness" both as to the composition of special board committees under Indiana Code § 23-1-32-4 and to the requirement that a shareholder must make a demand that the corporation's board act unless the demand would be futile.

## Background

ITT Corporation is a global, multi-industry Indiana corporation engaged in the design and manufacture of a wide range of engineered products and services. At the relevant time, ITT generated $4.8 billion in sales and had 42,000 employees in 49 countries. ITT has several business segments and multiple business units. One of ITT's business units, Night Vision, located in Roanoke, Virginia, is the subject of this case. (App. at 493.) Night Vision, which

generated 4.2% of ITT's total revenues, supplies night vision equipment to U.S. and allied military forces and U.S. law enforcement officers. (Id.)

This action arises from the conduct of employees in ITT's Night Vision unit. In 2007, ITT pled guilty to certain charges, entered a deferred prosecution agreement on another charge, and agreed to pay fines and penalties of $50 million and invest another $50 million in developing night vision systems for the U.S. military. The present suit is a derivative action, on behalf of ITT, brought by ITT shareholders Robert Wilkinson and Anthony Reale against all ITT directors.[1] Wilkinson and Reale filed suit in District Court seeking to recover the criminal fines and penalties that ITT was required to pay because it exported military technology to various countries in violation of U.S. State Department restrictions on the export of technical data. The plaintiffs allege that the directors violated fiduciary duties by failing to monitor and supervise management of the Night Vision unit.

Wilkinson did not make any demand on ITT's board to pursue the claims, and has argued this lack of demand should be excused as futile. Applying the standard adopted in Rales v. Blasband, 634 A.2d 927 (Del. 1993), the District Court held that the plaintiffs failed to allege facts demonstrating that the defendants were unable to consider a demand with independence and disinterest because the plaintiffs did not show "that a majority of the Director Defendants face a substantial likelihood of liability for consciously failing to fulfill their fiduciary duties." (App. at 32.) The District Court dismissed Wilkinson's claim with prejudice.

Reale, on the other hand, did make a demand on ITT's board to pursue the asserted claims. In response, the board appointed a Special Litigation Committee (SLC) to consider whether the corporation should pursue the claims in question. Indiana's Business Corporation Law imbues the decisions of such committees with special importance:

---

[1] Derivative actions are suits asserted by a shareholder on the corporation's behalf against a third party because of the corporation's failure to take some action against the third party. G & N Aircraft, Inc. v. Boehm, 743 N.E.2d 227, 234 (Ind. 2001). Derivative actions are brought in order to redress an injury sustained by the corporation or to enforce a duty owed to the corporation. Id.

(c)     If the committee determines that pursuant of a right or remedy through a derivative proceeding or otherwise is not in the best interests of the corporation, the merits of that determination shall be presumed to be conclusive against any shareholder making a demand or bringing a derivative proceeding with respect to such right or remedy, unless such shareholder can demonstrate that:

> (1)     The committee was not "disinterested" within the meaning of this section; or
>
> (2)     The committee's determination was not made after an investigation conducted in good faith.

(d)     <u>For purposes of this section</u>, a director or other person is "disinterested" if the director or other person:

> (1)     Has not been made a party to a derivative proceeding seeking to assert the right or remedy in question, or has been made a party but only on the basis of a frivolous or insubstantial claim or for the sole purpose of seeking to disqualify the director or other person from serving on the committee;
>
> (2)     Is able under the circumstances to render a determination in the best interests of the corporation; and
>
> (3)     Is not an officer, employee, or agent of the corporation or of a related corporation.  However, an officer, employee, or agent of the corporation or a related corporation who meets the standards of subdivisions (1) and (2) shall be considered disinterested in any case in which the right or remedy under scrutiny is not assertable against a director or officer of the corporation or the related corporation.

Ind. Code § 23-1-32-4(c) (emphasis added).


The District Court concluded that the three independent, outside directors appointed to the Special Litigation Committee were not "disinterested" for the purposes of Indiana Code § 23-1-32-4.


The court based its conclusion on Indiana Code § 23-1-32-4(d)(1), which provides that directors named in a derivative suit remain "disinterested" if they are named in the action "only on the basis of a frivolous or insubstantial claim or for the sole purpose of seeking to disqualify the director . . . from serving on the committee."  The court reasoned that "frivolous or insubstantial" means that unless it could be shown that the claim against the SLC was frivolous, the SLC's work must be disregarded.  That is, the District Court found that the standard under Indiana Code § 23-1-32-4 was different, "more plaintiff-friendly than the much more onerous

4

standard for showing a lack of disinterestedness in the demand futility context." (App. at 38.). This conclusion led to denying the defendants' motion to dismiss.

## Indiana's Business Corporation Law

The Indiana General Assembly passed the Indiana Business Corporation Law (BCL) in 1986 based on the recommendations of the Indiana General Corporation Law Study Commission. 1986 Ind. Acts 1377–1532. The Commission largely modeled the BCL after the 1984 version of the Revised Model Business Corporation Act, a guide for state business corporation statutes published by the Committee on Corporate Laws of the American Bar Association's Section on Business Law. In re Guidant S'holders Derivative Litig., 841 N.E.2d 571, 573 (Ind. 2006). The BCL departs from the model legislation, however, in ways to be discussed below.

### I.       Indiana's Standard on Demand Futility

The substantive law on demand is the law of the state of incorporation. Kamen v. Kemper Fin. Servs. Inc., 500 U.S. 90, 108–09 (1991). ITT is an Indiana corporation, so the BCL dictates the circumstances under which demand is excused. The BCL's demand provision reads:

> A complaint in a proceeding brought in the right of a corporation must be verified and allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why the shareholder did not make the demand. Whether or not a demand for action was made, if the corporation commences an investigation of the charges made in the demand or complaint (including an investigation commenced under section 4 of this chapter), the court may stay any proceeding until the investigation is completed.

Ind. Code § 23-1-32-2.

As mentioned above, Indiana law requires that potential derivative plaintiffs make a demand on the board of directors that it pursue the potential claims, unless the demand would be

5

futile. What constitutes an adequate excuse for not making a shareholder demand is neither enumerated nor explained in commentary. In re Guidant S'holders Derivative Litig., 841 N.E.2d at 573. Indiana Code § 23-1-32-2 and its official comments provide only a "modest explanation." Id.[2] Thus, we have looked to Delaware law when considering cases involving alleged breaches of fiduciary duties. See, e.g., G & N Aircraft, Inc., 743 N.E.2d at 238.

To excuse demand, a court must determine whether the particularized factual allegations create a reasonable doubt that the board could have properly exercised disinterested business judgment in responding to a demand. Rales, 634 A.2d at 934. A director is "interested" for demand futility purposes if a derivative claim poses a significant risk of personal liability for the director. Id. at 936. Being deemed "interested" requires more than a "mere threat" of personal liability—there must be "a substantial likelihood" of liability for the director. Id.

Personal liability for claims premised on the breach of the fiduciary duty to monitor corporate employees are analyzed according to the standards set forth in In re Caremark Int'l Derivative Litig., 698 A.2d 959 (Del. Ch. 1996). The showing required by the plaintiff is particularly high for this theory of director liability. The Delaware Supreme Court has described it this way:

> [T]he necessary conditions predicate for director oversight liability [are]: (a) the directors utterly failed to implement any reporting or information system or controls; or (b) having implemented such a system or controls, consciously failed to monitor or oversee its operations thus disabling themselves from being informed of risks or problems requiring their attention. In either case, imposition of liability requires a showing that the directors knew that they were not discharging their fiduciary obligations.

Stone ex rel. AmSouth Bankcorp v. Ritter, 911 A.2d 362, 370 (Del. 2006) (emphasis in original); accord Caremark, 698 A.2d at 971. To impose liability for a failure in monitoring, the claimant must demonstrate that the directors made a conscious decision to breach their duty of care and also show that the directors acted in bad faith. Desimone v. Barrows, 924 A.2d 908, 935 (Del. Ch. 2007). Additionally, where a company's articles of incorporation provide for exculpation of

---

[2] The official comments to the BCL may be consulted by the courts to determine the underlying policies of the BCL and to serve as a guide in its construction and application. Ind. Code § 23-1-17-5.

directors from personal liability, the plaintiff must plead a nonexculpated claim against the directors based on particularized facts in order to show a "serious threat" of liability. <u>In re Citigroup Inc. S'holder Derivative Litig.</u>, 964 A.2d 106, 124–25 (Del. Ch. 2009).

Thus, the District Court properly concluded that in assessing the futility of a demand, Indiana law determines whether a director is "disinterested" by asking whether a derivative claim poses a significant risk of personal liability for the director—the <u>Rales</u> standard. If anything, our law on director liability requires an even stronger showing than Delaware's. To establish personal liability for a director, the plaintiff must plead particularized facts that the director engaged in "willful or reckless misconduct." Ind. Code § 23-1-35-1(e)(2). This liability standard adopted by the BCL served to narrow the bases for director liability. Ind. Code Ann. § 23-1-35-1(e) cmt (LexisNexis 1999 Replacement & Supp. 2009) (explaining that the liability standard of subsection (e) responded to increasing amount of litigation against directors, the increasing expense of defending such claims, and the increasing cost of director and officer liability insurance).

The District Court correctly applied instructive Delaware caselaw to determine the demand futility standards that Indiana would apply.

## II.    Our Standard on SLC Members

The certified question arises from the plaintiff's argument that the standard used to determine whether a director is "disinterested" within the meaning of Indiana Code § 23-1-32-4(d) is substantially different from the standard used in determining whether a director is disinterested for purposes of excusing demand on the corporation's board under Federal Rule of Civil Procedure 23.1 and <u>Rales</u>. The District Court agreed with the plaintiffs and held that to avoid dismissal the plaintiffs need only show that the claims asserted against the directors were not frivolous. Because the court found that the SLC directors were "not disinterested" under that test, it determined that the SLC's determination was not conclusive.

7

We take a different view. We conclude that the BCL requires the application of a consistent standard to determine whether directors are considered "disinterested" in both the SLC and demand futility contexts. The rules of statutory construction and the complementary scheme under which derivative proceedings operate produce this result.

As we noted above, Indiana Code § 23-1-32-4 allows the board of directors of a corporation to form a special committee to determine whether it is in the best interest of the corporation to pursue any legal rights or remedies that it may have. The SLC's determination shall be presumed to be conclusive unless the shareholder can demonstrate that the SLC was not disinterested. Ind. Code § 23-1-32-4(c); see also In re Guidant S'holders Derivitive Litig., 841 N.E.2d at 575. Pursuant to Indiana Code § 23-1-32-4(d), a director is "disinterested" if the director

(1) has not been made a party to a derivative proceeding seeking to assert the right or remedy in question, or has been made a party but only on the basis of a frivolous or insubstantial claim or for the sole purpose of seeking to disqualify the director or other person from serving on the committee;
(2) is able under the circumstances to render a determination in the best interests of the corporation; and
(3) is not an officer, employee, or agent of the corporation or of a related corporation.

Thus, under subsection (d)(1), directors or other persons named in a derivative suit remain "disinterested" if they were joined "only on the basis of a frivolous or insubstantial claim or for the sole purpose of seeking to disqualify the director or other person from serving on the committee." The plaintiffs have understandably concentrated on the word "frivolous," but that does not give due consideration to "insubstantial." We interpret a statute in order to give effect to every word and render no part meaningless if it can be reconciled with the rest of the statue. Bagnall v. Town of Beverly Shores, 726 N.E.2d 782 (Ind. 2000). As the Special Litigation Committee points out, "Giving 'insubstantial' its obvious definition . . . 'not substantial' . . . . comports . . . with consistent authority that disinterestedness turns on whether a director faces

8

'substantial' risk of liability." (Response Br. of the Def. at 2–3.)[3] And the disjunctive, "or," listing in Indiana Code § 23-1-32-4(d)(1) demonstrates legislative intent to establish distinct or alternative statutory provisions. See Prewitt v. State, 878 N.E.2d 184, 186 (Ind. 2007).

Beyond this point about the workload of a preposition is the principle that courts construe statutes covering the same subject matter in ways that produce a harmonious statutory scheme. See Klotz v. Hoyt, 900 N.E.2d 1, 5 (Ind. 2009). Indiana Code § 23-1-32-4 works with Indiana Code § 23-1-32-2 in expressing an even stronger preference for board management and direction than the predecessor statute. In re Guidant S'holders Derivative Litig., 841 N.E.2d at 575. The official comments to the BCL indicate that "the decision whether and to what extent to investigate and prosecute corporate claims . . . should in most instances be subject to the judgment and control of the board." Ind. Code § 23-1-32-4 cmt. This is consistent with the BCL's adoption of "a strongly pro-management version of the business judgment rule," permitting director liability only for "recklessness or willful misconduct." See G & N Aircraft, Inc., 743 N.E.2d at 238. Departures from the model legislation to give increased discretion to the board support the BCL's underlying policy to increase the power vested in the board of directors to oversee and direct the activities of the corporation.[4] Overall, BCL provisions make it more difficult to find a director liable and to bring a derivative suit.

Determining that a named director is "interested" as respects all claims save for the outright frivolous would likely preclude most directors from serving on an SLC which considers shareholder demands. Ousting directors from such roles on a broader basis than that mandated by Rales undermines the intent of Indiana's BCL. The BCL's strong preference that directors, not shareholders, control corporate rights applies equally in the "demand excused" and "demand refused" scenarios. Neither the statutory language nor the policies underlying the BCL suggest that the standard for showing a lack of disinterestedness pursuant to Indiana Code § 23-1-32-4(d)

---

[3] See, e.g., Rales, 634 A.2d at 936 (demand futility based on lack of "independence or disinterestedness of directors" requires proof of "substantial likelihood" of director liability) (quoting Aronson v. Lewis, 473 A.2d 805, 815 (Del. 1984)).
[4] Indiana Code § 23-1-32-4 was adopted in direct response to Zapata v. Maldonado, 430 A.2d 779 (Del. 1981). In re Guidant S'holders Derivative Litig., 841 N.E.2d at 575.

should be more "plaintiff-friendly" than the showing required in the demand futility context.[5] Any other reading frustrates the statute's primary objective that the decision whether to investigate and prosecute claims should be subject to the control of the board in most instances. The BCL is deliberate in its attempts to construct a statutory scheme that would allow corporations to operate efficiently and allow directors to exercise control over the corporation's activities.

**Conclusion**

Under the Indiana Business Corporation Law, the same "disinterestedness" standard applies in both the demand futility context of Indiana Code § 23-1-32-2 and the investigatory committee procedure of Indiana Code § 23-1-32-4. In both instances, the shareholders must show that the directors face a substantial likelihood of personal liability on the claims to establish that a director is "not disinterested."

Dickson, Boehm, and Rucker, JJ., concur.
Sullivan, J., not participating.

---

[5] As amicus Indiana Legal Foundation has pointed out, "This provision giving authority to board members on Special Litigation Committees is directly linked to the changed standard for directors' liability in the BCL. The Special Litigation Committee provision was enacted at the same time as the law making directors liable only for willful misconduct or recklessness, the first time a state had raised the standard for directors' liability to be greater than negligence." (Br. of Indiana Legal Foundation at 6.)