ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana


Ellen H. Meilaender
Jodi K. Stein
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Jane H. Ruemmele
Charles C. Hayes
Hayes Ruemmele, LLC f/k/a
Sweeney Hayes, LLC
Indianapolis, Indiana



FILED

Oct 02 2017, 1:40 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 29S02-1705-CR-284

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

SAMEER GIRISH THAKAR,

*Appellee (Defendant below).*

Appeal from the Hamilton Superior Court, No. 29D05-1602-FD-1056
The Honorable Wayne A. Sturtevant, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 29A02-1606-CR-1265

**October 2, 2017**

**Massa, Justice.**

The State charged then-38-year-old Sameer Girish Thakar with Class D felony dissemination of matter harmful to minors under Indiana Code section 35-49-3-3(a)(1) (2008) ("the Dissemination Statute"), after Thakar sent a photograph of his erect penis to a 16-year-old girl. The trial court dismissed the charges, relying upon Salter v. State, 906 N.E.2d 212 (Ind. Ct. App. 2009), trans. not sought, which found the Dissemination Statute void for vagueness as

applied, because the intended recipient met Indiana's age of consent to sexual activity.  We now overrule Salter, hold that the Dissemination Statute is not unconstitutionally vague, and reverse.

**Facts and Procedural History**

According to the charging information, in 2014, 38-year-old Thakar began chatting online under the username "sam_sam" with L.S., a 16-year-old girl in Oregon.  Approximately one hour after learning L.S.'s age, he sent her a photo of his erect penis.  Shortly thereafter Oregon FBI agents reached out to the Fishers Police Department with this information, and when officers went to Thakar's house, he was cooperative in the extreme:  Thakar admitted to the conversation under his username "sam_sam," identified L.S. by name, and identified printouts of pictures he had sent, including the photograph of his penis.

The State of Indiana charged Thakar under the Dissemination Statute, and Thakar moved to dismiss on constitutional grounds, claiming the Statute was void for vagueness.  In support, Thakar relied upon Salter v. State, 906 N.E.2d 212 (Ind. Ct. App. 2009) (electronic transmission of a photo of an erect penis to a 16-year-old girl out of state), where the court found the Dissemination Statute void for vagueness as applied, because the age of consent to sexual activity (absent unique circumstances) is only 16 in Indiana pursuant to Indiana Code section 35-42-4-9 (2008).  906 N.E.2d at 223.[1]  The trial court agreed and dismissed the charge, the State appealed,

---

[1] Believing that it was patently illogical that an adult man could legally show his penis to a 16-year-old through consensual activity in person, but not through photography, the Salter court held the statute was unconstitutionally vague as applied because the activity in question would not be understood by a person of ordinary intelligence as "'patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors,'" which is a necessary element of the statutory definition of "harmful to minors" contained in Indiana Code section 35-49-2-2 (2008).  Id.

and our Court of Appeals affirmed, again based on <u>Salter</u>. <u>State v. Thakar</u>, 71 N.E.3d 27 (Ind. Ct. App. 2017).

We granted transfer, thereby vacating the Court of Appeals' decision below. Ind. Appellate Rule 58(A).

## Standard of Review

"We review a trial court's ruling on a motion to dismiss a charging information for an abuse of discretion . . . [and a] trial court [] abuses its discretion when it misinterprets the law." <u>An-Hung Yao v. State</u>, 975 N.E.2d 1273, 1276 (Ind. 2012). A challenge to the constitutionality of a statute is a "pure question of law," which we review *de novo*. <u>State v. Doe</u>, 987 N.E.2d 1066, 1070 (Ind. 2013). "'[A]ll statutes are presumptively constitutional, and the court must resolve all reasonable doubts concerning a statute in favor of constitutionality.'" <u>Tiplick v. State</u>, 43 N.E.3d 1259, 1262 (Ind. 2015) (quoting <u>Dep't of State Revenue v. Caterpillar, Inc.</u>, 15 N.E.3d 579, 587 (Ind. 2014)). That being said, unlike the higher burden faced by those making a facial constitutional challenge, those challenging the statute as applied "need only show the statute is unconstitutional on the facts of the particular case." <u>State v. Zerbe</u>, 50 N.E.3d 368, 369 (Ind. 2016) (internal quotations omitted).

## The Dissemination Statute Is Not Unconstitutionally Vague.

"'Due process principles advise that a penal statute is void for vagueness if it does not clearly define its prohibitions,'" and one such source of vagueness is if the statute lacks "'notice enabling ordinary people to understand the conduct that it prohibits.'" <u>Tiplick</u>, 43 N.E.3d at 1262 (quoting <u>Brown v. State</u>, 868 N.E.2d 464, 467 (Ind. 2007)). Here, the Dissemination Statute made it a Class D felony at the time to "knowingly or intentionally . . . disseminate[] matter to minors that is harmful to minors[.]" Ind. Code § 35-49-3-3(a)(1). Furthermore, Indiana Code section

3

35-49-1-4 (2008) defines "minor" as "any individual under the age of eighteen (18) years," and Indiana Code section 35-49-2-2 (2008) defines "harmful to minors" as follows:

> A matter or performance is harmful to minors for purposes of this article if:
>
> (1) it describes or represents, in any form, nudity, sexual conduct, sexual excitement, or sado-masochistic abuse;
>
> (2) considered as a whole, it appeals to the prurient interest in sex of minors;
>
> (3) it is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors; and
>
> (4) considered as a whole, it lacks serious literary, artistic, political, or scientific value for minors.

Thakar does not assert that the Dissemination Statute (or the terms therein defined by separate statute) are unduly vague or otherwise unconstitutional standing alone; rather, relying on Salter, he asserts that since this 16-year-old girl could legally view his erect penis in *person* in Indiana as part of consensual sexual activity under Indiana Code section 35-42-4-9, the "prevailing standards in the adult community as a whole" under Indiana Code section 35-49-2-2(3) should logically permit his sending a *photograph* of his penis to her as well. The State, on the other hand, has asserted on appeal and on transfer that Salter was wrongly decided, as the Dissemination Statute is clear in its terms.

We agree with the State, finding Thakar's argument suffers from a number of decisive infirmities. First, canons of statutory construction (such as *in pari materia*) are only relevant once it is established that the statute in question is ambiguous. Rogers v. Martin, 63 N.E.3d 316, 327 (Ind. 2016). Here, the plain text of the Dissemination Statute contains no such ambiguity, and clearly encompasses the conduct Thakar has been charged with performing. "We thus begin—and end—our analysis" with that plain text. Id.

Second, Thakar attempts to *impute* ambiguity into the Dissemination Statute by pointing out disparate statutory treatment, claiming that the consent statute and the Dissemination Statute are in "apparent conflict" and should be read consistently. Appellee's Br. at 14–15. But there is no conflict between these two statutes requiring such resolution, because Thakar was capable of complying with both simultaneously: with respect to a 16-year-old, consensual sexual activity in person is permitted, the dissemination of a sexually-explicit photograph (consensually or otherwise) is not. And to baldly assert that for a 16-year-old girl consensual sex is equivalent to the abrupt appearance of an erect penis on her computer is nothing more than a policy determination, and it is not the place of our Court to usurp that role from our General Assembly.

Third, even assuming this statutory scheme taken as a whole could render the Dissemination Statute ambiguous, the first element of Indiana Code section 35-49-2-2 describing a matter harmful to minors is if "it describes or represents, in any form, nudity, sexual conduct, [or] sexual excitement[.]" An erect penis falls precisely within this term, and to permit dismissal of this charge would effectively require us to say that *no* photographs of an erect penis are harmful to 16-year-olds and render this first element a nullity, which we decline to do. See In re ITT Derivative Litig., 932 N.E.2d 664, 670 (Ind. 2010) ("We interpret a statute in order to give effect to every word and render no part meaningless if it can be reconciled with the rest of the statute.").

Fourth, giving meaning to this first element of section 35-49-2-2 does not conversely render the third element meaningless. Whether or not a photograph of an erect penis is "patently offensive" by community standards with respect to viewing by 16-year-olds is not a question of law for the court, but of fact to be determined at trial, see, e.g., Lewis v. State, 726 N.E.2d 836, 841 (Ind. Ct. App. 2000), trans. denied, and the State still bears the burden of demonstrating the offensive nature of the photograph beyond a reasonable doubt.

We also wish to address two additional arguments discussed below. First, we find it of no consequence that our public exposure statutes contain an enhancement from "public nudity" to "public indecency" if the person intentionally exposed himself to a child under the age of 16, rather than age 18. See Ind. Code §§ 35-45-4-1.5(c), -1(b) (2008). As in our discussion above, there are

5

distinct differences between in-person 'flashing' of a 16-year-old and dissemination of sexually-explicit photographs, and it is not our place to second-guess our Legislature's decision that one should carry a higher penalty than the other. Second, the fact that our General Assembly took no action in response to <u>Salter</u> in the past eight years and thus arguably 'acquiesced' to that interpretation of the Dissemination Statute is irrelevant: "[W]e stress again that the hierarchy of interpretive principles moots the concept of legislative acquiescence—the clear statutory language makes it unnecessary to resort to other statutory construction rules." <u>Jackson v. State</u>, 50 N.E.3d 767, 775 (Ind. 2016).

The Dissemination Statute clearly protects minors under the age of 18 from the dissemination of matter harmful to them, and thus <u>Salter v. State</u>, 906 N.E.2d 212 (Ind. Ct. App. 2009) is overruled. Whether this inconsistent statutory treatment of minors aged 16 and 17 is advisable with respect to sexually-related activity is a matter for the legislature, and whether Thakar's alleged conduct violated the Dissemination Statute is a matter for the jury.

## Conclusion

For the foregoing reasons, we reverse the trial court's dismissal order in this cause, and remand for further proceedings.

Rush, C.J., and David, Slaughter, and Goff, JJ., concur.