

IN THE

# Court of Appeals of Indiana

Damien Allen Kimbrough,

*Appellant-Defendant*

**FILED**

Jul 02 2024, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

State of Indiana,

*Appellee-Plaintiff*

---

July 2, 2024

Court of Appeals Case No.
23A-CR-2774

Appeal from the Marion Superior Court

The Honorable Cynthia Oetjen, Judge

The Honorable Michelle Waymire, Magistrate

Trial Court Cause No.
49D30-2208-F4-20665

---

**Opinion by Judge Bailey**
Chief Judge Altice and Judge Mathias concur.

**Bailey, Judge.**

# Case Summary

[1] Damien Kimbrough appeals his conviction of unlawful possession of a firearm by a serious violent felon ("SVF statute"), a Level 4 felony.[1] The only issue he raises on appeal is whether the SVF statute, as applied to him, violates his rights under the Second Amendment to the United States Constitution. We affirm.

# Facts and Procedural History

[2] On August 3, 2022, the State charged Kimbrough with Count I, unlawful possession of a firearm by a serious violent felon, a Level 4 Felony; Count II, pointing a firearm, as a Level 6 Felony;[2] and Count III, resisting law enforcement, as a Class a Misdemeanor.[3] The first phase of his trial was held before a jury on August 23, 2023, and the jury found Kimbrough guilty of

---

[1] Ind. Code § 35-47-4-5.

[2] I.C. § 35-47-4-3(b).

[3] I.C. § 35-44.1-3-1(a)(3).

possession of a firearm, pointing a firearm, and resisting law enforcement. Kimbrough waived a jury trial for the second phase of the trial.

[3] On August 30, 2023, before the second phase of his trial, Kimbrough filed a motion to dismiss the charge under the SVF statute on the ground that it violated the Second Amendment, as applied to him. On September 20, 2023, the trial court denied the motion. At the following bench trial, the State presented evidence that Kimbrough previously had been convicted of battery on a public safety official, as a Level 5 felony,[4] in 2015. The trial court found that Kimbrough had that prior felony conviction and was therefore guilty of a Level 4 felony under the SVF statute. The court imposed an aggregate sentence of eight years with two years suspended on Kimbrough's three convictions. This appeal ensued.

## Discussion and Decision

[4] As an initial matter, we note that Kimbrough failed to file a motion to dismiss based on his constitutional claim prior to trial. Although the State does not raise it, generally such a failure waives the issue on appeal. *See, e.g.*, *Cutshall v. State*, 160 N.E.3d 247, 255 (Ind. Ct. App. 2020) (quotation and citation omitted) ("Generally, a challenge to the constitutionality of a criminal statute must be raised by a motion to dismiss prior to trial, and the failure to do so

---

[4] I.C. § 35-42-2-1.

waives the issue on appeal."); *see also* I.C. § 35-34-1-4(b) (providing a motion to dismiss a charge must be filed within twenty days of the omnibus date). However, waiver notwithstanding, we will review Kimbrough's constitutional claim. *See McBride v. State*, 94 N.E.3d 703, 709-10 (Ind. Ct. App. 2018) (listing cases from the Indiana Supreme Court and our Court in which constitutional challenges to a statute were addressed despite the failure to file a motion to dismiss).

[5] Although we review a trial court's ruling on a motion to dismiss a charging information for an abuse of discretion, we review constitutional challenges to a statute de novo. *State v. S.T.*, 82 N.E.3d 257, 259 (Ind. 2017).

> All statutes are presumptively constitutional, and the court must resolve all reasonable doubts concerning a statute in favor of constitutionality. That being said, unlike the higher burden faced by those making a facial constitutional challenge, those challenging the statute as applied need only show the statute is unconstitutional on the facts of the particular case.

*Id.* (quotations and citations omitted).

[6] Kimbrough does not contest the fact that he had a qualifying prior felony conviction at the time he possessed a firearm, thus making the SVF statute applicable to him. Rather, he asserts that the SVF statute, as applied to him, violates the Second Amendment's protection of an individual's right to bear arms for the purpose of self-defense.

[7] While the United States Supreme Court has held that the Second Amendment does protect an individual's right to possess firearms, that right is "not unlimited." *United States v. Heller*, 554 U.S. 570, 626 (2008). Rather, a firearm regulation will not be unconstitutional if the government can demonstrate that the regulation "is consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). Such a showing is made when the State can point to a "historical *analog*" to the law in question, "not a historical *twin*." *Id*. at 30 (emphasis in original); *see also United States v. Rahimi*, No. 22-915 (United States Supreme Court June 21, 2024), slip op. at 7 ("[T]he Second Amendment permits more than just those regulations identical to ones that could be found in 1791."). "Like all analogical reasoning, determining whether a historical regulation is a proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are 'relevantly similar.'" *Bruen*, 597 U.S. at 28-29 (citation omitted).

[8] We need not engage in an analysis of historical tradition in this particular case, as *Heller* and subsequent Second Amendment opinions of the Supreme Court have specifically noted that nothing in the opinions "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."[5]

---

[5] Kimbrough asks us to dismiss these statements as dicta. However, these statements in *Bruen*, *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010), and *Heller* are not dicta but rather expressions of a specific limitation on the holdings that the Second Amendment protects an individual's right to possess firearms. *See United States v. Skoien*, 614 F.3d 638, 640-41 (7th Cir. 2010) (en banc); *United States v. Rice*, 662 F.Supp.3d 935,

*Heller*, 554 U.S. at 626; *see also Bruen*, 597 U.S. at 72; *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010). Similarly, the majority of courts that have addressed the constitutionality of the federal law dispossessing felons of firearms since *Bruen* was handed down have concluded that such regulations do not violate the Second Amendment. *See, e.g.*, *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024); *Vincent v. Garland*, 80 F.4th 1197, 1199-1202 (10th Cir. 2023); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023), *cert. pending*; *United States v. Blackwell-Esters*, No. 22-20287, 2023 WL 7093806 (E.D. Mich. 2023); *Unites States v. Delpriore*, 634 F.Supp.3d 654 (D. Alaska 2022); *cf. Range v. Att'y Gen. U.S.*, 69 F.4th 96, 98, 106 (3d Cir. 2023) (finding federal law dispossessing felons unconstitutional as applied to a defendant with a thirty-year-old conviction of an offense that was classified as a misdemeanor by the State). And, certainly, if a law constitutionally may ban all felons from possessing firearms, it may ban such possession by a subset of serious *violent* felons. *See United States v. Holden*, 70 F.4th 1015, 1017-18 (7th Cir. 2023) (citing *Bruen*, 597 U.S. at 26) ("Governments may keep firearms out of the hands of dangerous people who are apt to misuse them."); *United States v. Gonzales*, No. 22-1242, 2022 WL 4376074 at *2 (7th Cir. Sept. 22, 2022) (emphasis in

---

941 (N.D. Ind. 2023). Furthermore, even if these statements were dicta, they would still be entitled to significant weight. *See Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 120 n.8 (7th Cir. 1989); *see also United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) ("Because the Supreme Court 'made it clear in *Heller* that [its] holding did not cast doubt' on felon-in-possession prohibitions, *McDonald*, 561 U.S. at 786, … and because the Court made it clear in *Bruen* that its holding was '[i]n keeping with *Heller*,' 142 S. Ct. at 2126, *Bruen* could not have clearly abrogated our precedent upholding [the federal felon-in-possession ban].").

original) ("[W]hether a government can forbid *violent* felons from possessing a firearm has not been meaningfully questioned by courts to date.").

[9] Moreover, even if we were to engage in the analysis of "historical tradition" discussed in recent Supreme Court caselaw, we would find the statute at issue in this case to be constitutional because it is analogous to historical laws that prohibited the possession of firearms by those considered to be dangerous[6] and historical laws that imposed estate forfeiture and/or death as punishment for felonies.[7] Again, this conclusion is consistent with the decisions of the majority of courts to address this issue. *See, e.g.*, *United States v. Butler*, No: 3:23-CR-85-GHD-RP, 2024 WL 322299 (N.D. Miss. 2024); *United States v. French*, No. 23-00064-01, 2023 WL 7365232 (W.D. La. 2023); *United States v. Johnson*, No. 22-CR-254, 2023 WL 7284848 (E.D. Wis. 2023); *United States v. Florentino*, No. 22-10166, 2023 WL 7036314 (D. Mass. 2023); *United States v. Davis*, No. 3:23-CR-60, 2023 WL 6810249 (M.D. Pa. 2023); *United States v. Hunt*, No. 3:18-cr-00475-IM-1, 2023 WL 6439410 (D. Or. 2023); *United States v. Sternquist*, 22-cr-473(DLI), 2023 WL 6066076 (E.D.N.Y. 2023); *United States v. Mayfield*, 660 F.Supp.3d 1135 (N.D. Okla. 2023), *appeal filed*; *United States v. Bartucci*, 658

---

[6] As the Supreme Court very recently noted in some detail, "[s]ince the founding, our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." *Rahimi*, No. 22-915, slip op. at 9. Thus, the Court concluded, "[o]ur tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Id.* at 16.

[7] As the State correctly points out, the historical existence of forfeiture and capital punishment laws for felons explains why there were no laws at the time specifically disarming felons; such laws were unnecessary as felons had already been "disarmed" through property forfeiture or death. *See* Appellee's Br. at 21-29.

F.Supp.3d 794 (E.D. Cal. 2023); *Campiti v. Garland*, 649 F.Supp.3d 1 (D. Conn. 2023), *appeal dismissed*; *United States v. Goins*, 647 F.Supp.3d 538 (E.D. Ky. 2022); *United States v. Carrero*, 635 F.Supp.3d 1210 (D. Utah 2022).

[10] The cases Kimbrough cites are not to the contrary. *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), merely acknowledges the new Second Amendment "historical tradition" analysis outlined in *Bruen* and remands the case to the district court for an application of that test. And *United States v. Bullock*, which found the federal felon-in-possession ban unconstitutional, is not only non-binding precedent and contrary to the majority view, but also acknowledged that "American history might support state-level felon disarmament laws" and "disarmament of persons adjudicated to be dangerous."[8] 679 F.Supp.3d 501, 505 (S.D.Miss. 2023), *appeal filed*.

[11] Given the extensive post-*Bruen* caselaw upholding the constitutionality of laws disarming felons and the near-universal recognition that laws disarming *violent* felons are constitutional, Kimbrough's arguments border on the frivolous. *See Gonzales,* 2022 WL 4376074, at *2 (noting "it would be frivolous to argue that [the federal felon-disarmament statute] is unconstitutional as applied to" a violent felon as there is "no authority supporting an argument that someone in [that] position historically had a right to possess a gun.").

---

[8] The latter is certainly true, as the Supreme Court just reiterated in *Rahimi*. *Rahimi*, No. 22-915, slip op. at 17.

# Conclusion

Because the United States Supreme Court and the majority of other courts across the country have determined that a federal law banning firearm possession by a felon does not violate the Second Amendment, certainly the state statue disallowing possession of a firearm by a subset of *violent* felons is also constitutional as applied to Kimbrough. *See Rahimi*, No. 22-915 (United States Supreme Court June 21, 2024). That holding is supported by the nation's historical tradition of disarming violent and dangerous persons. *Id*.

Affirmed.

Altice, C.J., and Mathias, J., concur.

ATTORNEYS FOR APPELLANT

Talisha R. Griffin
Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana